**FILED**

**MAY 22, 2009**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

---

| | | |
|---|---|---|
| REZA VAFAIYAN, PRO SE, | § | |
| AKA GHOLAMEREZA VAFAIYAN, | § | |
| AKA GHOLUMREZA VAFAIYAN, | § | |
| TDCJ-CID NO.1361129, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:09-CV-0107 |
| | § | |
| SMITH AND MARTIN ATTORNEYS and | § | |
| THE STEEL LAW FIRM, PC, | § | |
| | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION

Plaintiff REZA VAFAIYAN, also known as Gholamereza Vafaiyan, also known as

Gholumreza Vafaiyan, acting pro se and while a prisoner in the custody of the Texas Department

of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United

States Code, section 1983 complaining against the above-referenced defendants and has been

granted permission to proceed in forma pauperis.

Plaintiff states defendants SMITH AND MARTIN ATTORNEYS are attorneys doing

business in the state of Texas and defendant THE STEEL LAW FIRM is a business located in

the state of Georgia. Plaintiff alleges he contracted with SMITH AND MARTIN to defend him

on money laundering charges and, when MARTIN withdrew as counsel, SMITH substituted.

Plaintiff alleges that, as a result of ineffective assistance of counsel, conspiracy, and railroading,

he was convicted on March 29, 2006 and was sentenced to life for one count of money

laundering.

Further, $88,700.00 was seized from a safety deposit box at Wachovia Bank in Georgia under cause no. 1:05-CV-0454 in "M.S.ct N.Dist. of Atlanta GA."  Plaintiff alleges SMITH AND MARTIN hired THE STEEL LAW FIRM to represent plaintiff in the Atlanta case and plaintiff was granted a stay in that case on November 21, 2005.  Plaintiff alleges that, due to false representations, the stay was lifted, such representations being that plaintiff had been convicted of two counts of money laundering and that "Vafaiyan's related cri. case has concluded and the reason for stay no longer exist [sic]."  Plaintiff argues a criminal case is not final until all appeals are exhausted and states that none of the defendants filed a response, correction, or objection.  Therefore, on April 24, 2007, summary judgment was granted "and money was forfeited without any drug envolvement [sic]."  Plaintiff complains none of the defendants filed a response to the motion for summary judgment or an appeal.

Plaintiff requests an award of "ireversable [sic] damages, other cost and interst [sic], pain and suffering, emotional stress and any other relief [he is] entitled under the law or $1.5 million."

## JUDICIAL REVIEW

Any federal court may raise the issue of subject matter jurisdiction *sua sponte* at any time.  *Johnston v. United States*, 85 F.3d 217, 218 n.2 (5th Cir. 1996).

## THE LAW AND ANALYSIS

Upon review of plaintiff's complaint, the Court issued an April 27, 2009 show cause order requiring plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction.

Plaintiff responded on May 12, 2009, arguing the Court has diversity jurisdiction under Title 28, United States Code, section 1332 and stating that the amount in controversy exceeds the sum of $75,0000.00.

The court notes that diversity jurisdiction requires complete diversity between the parties; each plaintiff must have citizenship that is different from each defendant. *McKee v. Kan.City S. Ry.Co.*, 358 F.3d 329, 333 (5th Cir. 2004); *Freeman v. Northwest Acceptance Corp.*, 743 F.2d 553, (5th Cir. 1985). Nevertheless, plaintiff's own representation to the Court is that defendants SMITH AND MARTIN ATTORNEYS are attorneys doing business in the state of Texas.

The presence of these Texas defendants clearly destroys diversity jurisdiction. Consequently, this Court lacks subject matter jurisdiction.

## CONCLUSION

For the reasons set forth above, it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the instant cause be DISMISSED WITHOUT PREJUDICE TO BEING RE-FILED IN THE APPROPRIATE STATE COURT OR COURTS.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this <u>22nd</u> day of May, 2009.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

4\09-0107.wpd                                    3

**\* <u>NOTICE OF RIGHT TO OBJECT</u> \***

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D).  When service is made by mail or electronic means, three (3) days are added after the prescribed period.  Fed. R. Civ. P. 6(e).  Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14ᵗʰ) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).